JOSÉ CUBANO GARCÍA, Plaintiff and Appellant, *v.* ANA CARMEN DEL VALLE, ETC., Defendant and Appellee.

No. 9771.   Argued January 10, 1949.—Decided February 15, 1949.

C. H. *Juliá* for appellant.   A. *Reyes Delgado* and *Luis R. Apellániz* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This case is to annul the birth record of a child.   The complaint alleges that Ana Carmen del Valle and plaintiff were married in Manatí on March 5, 1942 after plaintiff had been convicted of the offense of seduction; that thereafter the parties lived separately without having any marital relations; that on November 8, 1943 Ana Carmen del Valle, co-defendant herein, undertook to record and did record in the Registry of Vital Statistics of Puerto Rico the birth of co-defendant Carmen Milagros Cubano del Valle, as legitimate daughter of plaintiff, had during the marriage and born on November 4, 1943; that the plaintiff is not the father of said child, born twenty months after the marriage and absolute separation of the contracting parties; that the defendant Ana Carmen del Valle has had and actually has intimate and illicit relations with another man.

After the trial, the lower court dismissed the complaint because in its opinion the evidence did not disclose, as required by § 113 of the Civil Code (1930 ed.),[1] the physical impossibility of the husband to have access to the wife during the first 120 days of the 300 days preceding the birth of the child.

---

[1] Section 113 provides:

"Legitimate children are those born 180 days after the marriage has been celebrated and before 300 days have passed after the marriage has been dissolved.

"Against legitimacy no other proof shall be admitted than the physical impossibility of the husband to use his wife within the first one hundred and twenty days of the three hundred days that have preceded the birth of the child."

The plaintiff appealed and alleges that the trial court erred in not permitting Ángel Manuel Arroyo and another witness to testify; in refusing to admit in evidence the record of the same court on the divorce of plaintiff and co-defendant and in weighing the evidence.

██ Plaintiff's object in submitting the testimony of Ángel Manuel Arroyo was to show that his wife had relations, apparently illicit, with José Maldonado in 1942. The defendant objected and the court sustained the objection on the ground that the only admissible evidence in a case where the legitimacy of a child is contested is that which tends to establish the physical impossibility of the husband to have access to the wife as provided by § 113 of the Civil Code, *supra*. Illustrative of this physical impossibility he mentioned the absence, physical incapacity due to illness, imprisonment, or the death of the husband.

The court did not err in refusing to admit said evidence. Its admission is not authorized by § 113. Instead it expressly precludes its admission inasmuch as the adultery of the wife does not imply physical impossibility of the husband to have access to the wife. Although our Code no longer contains § 109 of the Spanish Civil Code, which provides that [2] "A child shall be presumed to be legitimate, even though the mother should have declared it to be illegitimate or should have been convicted of adultery," Manresa's commentaries to the last portion of said Section sets forth, in our opinion, the reason why evidence of adultery should not be admitted under the provisions of our § 113, *supra*. He says in Volume I, page 504 of his *Comentarios al Código Civil*, (Fifth edition) : "But there is still a more cogent reason why evidence of a confession or proved adultery must be repudiated and that is that the time of the conception cannot be determined when a woman cohabits with two men at the same time, nor does she know which of the two begot the child, who could indeed be of the father . . ."

---

[2] Copied from Fisher's translation of the Spanish Civil Code.

■■ The first error was not committed nor was the second, for despite the fact that the court did not admit the record of the divorce case which was heard and decided before this action was tried and disposed of, although the latter was filed prior to the divorce case, when deciding the present case the judge referred to the opinion rendered in the divorce case in order to explain an apparent contradiction as to the credibility of certain evidence in both cases. The facts are as follows: in the divorce case filed on the ground of separation the co-defendant testified that she had had sexual intercourse with her husband once during the course of three years. The plaintiff denied it and the court stated in its opinion that it had not been convinced of the fact. In the present case co-defendant again testified as to the intimate relations which she had had on a certain day with the plaintiff and her aunt's testimony tended to corroborate that plaintiff had gone for defendant on that day. The court in the instant case said the following:

"It has been alleged also that in the second divorce proceeding filed by him, judgment was rendered on the ground of separation for more than three years and that this court did not believe the evidence as to the meeting of the husband with the wife where she alleges having had sexual intercourse with him. The evidence now is strengthened. . . . . .

"In said divorce proceeding she gave the same testimony as here with respect to the sexual intercourse, and for that reason we said that she was trying to justify the birth of her daughter by explaining to the court why she had had the child without having lived with her husband.

"At that time we were not determining the paternity and even now if we entertained the same doubt, in the absence of ample evidence to prove the physical impossibility of the plaintiff to have access to the wife, we would feel bound to decide for defendant and on behalf of the child."

The fact that the court, in two different actions weighed the testimony of a witness as to a specific fact in a different fashion does not necessarily constitute an error, especially

when in the second action there is other evidence which, in some form, tends to corroborate said testimony.

■ Lastly, appellant maintains that the court erred in weighing the evidence. We have carefully examined the transcript of the evidence and we are convinced that the evidence submitted by the plaintiff did not establish his physical impossibility to have access to the wife. The fact that they were separated after having contracted marriage on March 5, 1942, the wife remaining in Manatí and the husband, according to his own testimony, moving to Arecibo on April, 1942, is not sufficient to establish said impossibility. In addition, there exists the testimony of the co-defendant, which was believed by the court, that on March 25, 1943 she had sexual intercourse with the plaintiff. The girl was born on November 4, 1943, that is, 180 days after the date of marriage and before the 300 days had passed after its dissolution as required by § 113, *supra.*

As properly stated by the lower court: "It devolved upon the plaintiff to prove said impossibility. Far from that, it was shown that he lived in the same town of Manatí at the time of the conception of the girl, that is, that not even the ground of absence can be alleged to justify the nullity."

In *Núñez* v. *Lacot*, 32 P.R.R. 76, it was proved that the spouses lived separately, the husband in Ponce and the wife in Peñuelas, and we held that that evidence was not sufficient to establish the absence as a ground for the physical impossibility and to overcome the presumption of legitimacy of the child. The case at bar is still stronger, because the parties lived in Manatí and the court considered that the intimate relations between husband and wife on a specific day had been affirmatively proved.

Since the court believed the evidence of co-defendant in this case and since we are not satisfied that in doing so it acted with passion, prejudice or partiality, as argued by appellant in his brief, the judgment should be affirmed.